## Case No. 10,514.

### O'NEALE v. BROWN.

[1 Cranch, C. C. 79.] [1]

Circuit Court, District of Columbia. March Term, 1802.

TRESPASS — DAMAGES FOR OBSTRUCTING VIEW BY FENCE—EVIDENCE OF POSSESSION.

1. In trespass the plaintiff cannot recover damages for erecting a fence and obstructing

[1] [Reported by Hon. William Cranch, Chief Judge.]

his windows unless he was in possession at the time of erecting the fence.

2. A certificate in fee from the commissioners of Washington is not evidence of possession.

Trespass. The declaration stated that on the 25th of February, 1800, the plaintiff being in possession of part of lot No. 10, in square 78, in the city of Washington, the defendant entered with force and arms, &c., and having so entered, afterwards, to wit, on the 22d of August, 1801, erected a wooden fence thereon so as to obstruct the plaintiff's windows on lot No. 9, and other enormities, &c.

Mr. Gantt, for defendant, prayed the court to instruct the jury that the plaintiff ought not in this action to recover damages for erecting the fence and obstructing his windows, unless the plaintiff proves possession in himself at the time of the defendant's erecting the fence.

THE COURT gave the instruction as prayed. Because the plaintiff in the declaration has stated a disseisin by the defendant nineteen months before the erecting of the fence, and it is not laid with a continuando. The erecting of the fence therefore cannot be connected with the entry laid; and the plaintiff must prove a reëntry, or possession in himself after the first disseisin and before the erection of the fence.

Mr. Gantt then moved the court to instruct the jury that they could not give damages for the forcible entry laid in the declaration.

But THE COURT refused.

Mr. Woodward, for the plaintiff, then moved the court to instruct the jury, that they may give damages for erecting the fence, under the general allegation of other enormities, which the court also refused.

Mr. Woodward then moved the court to instruct the jury that the certificate in fee from the commissioners of the city to the plaintiff (which by the Act Md. 1793, c. 58, is equivalent to a deed of bargain and sale,) was evidence of the plaintiff's possession.

But THE COURT refused to give such instruction.